Mi__ Order Form (06/9_)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7204 | **DATE** | 9/19/2003 |
| **CASE TITLE** | U.S.A. ex rel. Damen Miller vs. Dennis L. Hockaday | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order. Petitioner's motion to stay these proceedings (7-1) is denied. His petition for writ of habeas corpus is denied for the reasons stated in this opinion. Terminating case. This order is final and appealable.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | SEP 2 2 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 18 |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 9/19/2003 | |
| | | 03 SEP 19 PM 4:37 | date mailed notice | |
| | courtroom deputy's initials | | | |
| ETV | | Date/time received in central Clerk's Office | ETV | mailing deputy initials |


UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* DAMEN MILLER, ) ) ) Petitioner, ) ) v. ) DENNIS L. HOCKADAY, ) ) Respondent. ) | No. 02 C 7204 Judge Rebecca R. Pallmeyer |

## MEMORANDUM OPINION AND ORDER

On November 19, 1999, following a bench trial in the Circuit Court of Cook County, Petitioner Damen Miller was convicted of murder, four counts of attempted first degree murder, and three counts of aggravated battery with a firearm. (*Illinois v. Miller*, No. 1-00-0286 (Ill. App. Ct. Nov. 11, 2001), (hereinafter, "App. Ct. Op."), Exhibit A to Respondent's Answer, at 1; Habeas Petition, at 1.) Miller was sentenced to a prison term of 45 years: 27 years for murder; six years on each of three of the attempted first degree murder charges, which, pursuant to 730 ILCS 5/5-8-4, the court ordered to be served consecutively to one another and to the 27 year term; and six years on the remaining charges, to be served concurrently with the rest of his sentence. (App. Ct. Op., at 1.) Although Petitioner's conviction and sentence on the aggravated battery with a firearm charges was later vacated by the Illinois Appellate Court under the "one-act-one-crime" doctrine[1], his prison term was not impacted because the court ordered his sentence on those charges to run concurrently with his sentence on the other charges. (*Id.* at 14.)

---

[1] "[T]he one-act-one-crime doctrine stands for the proposition that '[m]ultiple convictions are improper if they are based on precisely the same physical act.'" *People v. Pulgar*, 323 Ill. App. 3d 1001, 1010, 752 N.E.2d 585, 593 (1st Dist. 2001), quoting *People v. Rodriquez*, 169 Ill.2d 183, 186, 661 N.E.2d 305, 306 (1996).



## FACTUAL BACKGROUND

Petitioner was charged in connection with a multiple shooting that took place during the early morning hours of March 21, 1997.[2] (*Id.* at 2.) According the statement Petitioner himself gave several hours later[3] to Assistant State's Attorney William Healy, Petitioner was walking to the Godfather Lounge on Chicago's south side with four fellow members of the Gangster Disciple street gang. (*Id.*) As the five men approached the bar, they came across another group of men, who were later identified as: Yusaf Asad, Shahied Asad, Iyon Jones, Anthony Alston, LaShaun Hobbs and Frank Austin. (*Id.*)

At some point, Shahied Asad became involved in an altercation with one of the Gangster Disciples accompanying Petitioner; Petitioner testified that he did not know this man's name, but described him as wearing a red baseball cap. (*Id.* at 5-6.) During this altercation, the man wearing the red cap took out a handgun and shot at Shahied Asad and the other men in his group. (*Id.* at 2.) Petitioner than drew his weapon, a .38 caliber handgun, and began firing at the same group of men, because, he explained, "if they fuck with one of us, they fuck with all of us." (*Id.* at 2-3.) In his statement, Petitioner admitted to shooting a man lying on the ground. (*Id.* at 3.) When the gang members stopped shooting, Petitioner fled the scene with another gang member, and shortly thereafter, while running from the scene, both men were stopped and arrested by Chicago Police Officer Jeffrey Johnson. (*Id.*) When he was ordered to stop by the officer, Petitioner dropped the .38 caliber handgun he was carrying. (*Id.*) Officer Johnson than picked up the gun and placed it in his pocket. (*Id.*) At trial, the gun was entered into evidence; both sides stipulated to the fact that no fingerprints were recovered from the gun. (*Id.* at 5.)

---

[2] The Appellate Court's opinion does not identify the exact time that the shooting took place, but according to Petitioner it occurred between 2 and 3 a.m. (Habeas Petition, at 4.)

[3] The Appellate Court did not state when Petitioner provided his statement to Healy, but in his habeas petition, Petitioner asserts that he met with Healy on March 21, 1997, at 7 p.m. (Habeas Petition, at 11.)

2

Yusaf Asad died from a gunshot wound incurred in the incident, while Shahied Asad, Iyon Jones, and Frank Austin suffered gunshot injuries, but survived. (*Id.* at 2.) Hobbs and Alston escaped without injury. (*Id.* at 2, 4-5.)

At trial, several witnesses, including Officer Johnson, offered accounts similar to the one Petitioner provided to Assistant State's Attorney Healy. (*Id.* at 3-4.) Shahied Asad's testimony was the most pivotal. Asad testified that he had been shot in his arm, leg, and side before falling to the ground. (*Id.* at 4.) While lying on the ground (presumably on his back), Asad saw Petitioner shoot him in the face. At the same time, Asad heard someone yell "kill everybody out here." (*Id.*) Asad admitted that he had consumed six beers prior to the incident and, although he denied smoking marijuana, he nevertheless tested positive for marijuana soon after the incident. (*Id.*) Jones also testified that Petitioner was one of the shooters. (*Id.* at 5.) Austin, Hobbs, and Alston testified that they did not see Petitioner with a gun, but Hobbs and Austin both recalled hearing someone yell "kill everybody" during the altercation. (*Id.* at 4-5).

Petitioner testified during his trial and provided a version of events quite different from the version he had given to ASA Healy. (*Id.* at 6.) Although Petitioner admitted being with the group of Gangster Disciples at the time of the incident, he denied knowing the names of the men, carrying a gun, or playing any part in the shooting. (*Id.*) He also testified that his earlier statement was made at the direction of Healy, who, according to Petitioner, instructed him on what to say and promised to "work something out," if Petitioner cooperated. (*Id.* at 7.) The court notes, however, that Petitioner has not asserted a Fifth Amendment claim regarding his statement.

Instead, on direct appeal from his conviction and sentence, Petitioner raised two issues: (1) the evidence did not establish his guilt beyond a reasonable doubt; and (2) the court's imposition of consecutive sentences, pursuant to 730 ILCS 5/5-8-4, was unconstitutional. On November 8, 2001, the Illinois Appellate Court for the First Judicial District affirmed the lower court's verdict and sentence. (*Id.* at 1.) The Illinois Supreme Court denied his petition for leave

to appeal on April 3, 2002. (*People v. Miller*, 198 Ill.2d 627, 770 N.E.2d 223 (Table Ill. 2003); (Letter Denying Petition for Leave, Ex. E to Respondent's Answer.)

On October 8, 2002, Petitioner filed his *pro se* petition for habeas relief in this court, arguing the same issues he raised on direct appeal. The court notes that on November 22, 2002 Petitioner filed a motion to stay these proceedings, which the court has denied for reasons explained below. Respondent now asks the court to deny Miller's habeas petition.

## DISCUSSION

Although the court will liberally construe a prisoner's *pro se* petition, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the court notes that the burden still rests with a petitioner to show that he or she is entitled to habeas relief. Pursuant to 28 U.S.C. § 2254, a federal district court must deny habeas review for any claim the state court addresses on the merits unless that state decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1); or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2). A federal court reviewing a petition for writ of habeas corpus under § 2254 presumes the state court's factual findings are correct. 28 U.S.C. § 2254(e)(1); *see also Sumner v. Mata*, 449 U.S. 539, 547 (1981). The "contrary to" provision refers to questions of law, and on such questions, a federal court makes a *de novo* review. *See Lindh v. Murphy*, 96 F.3d 856, 869 (7th Cir.1996) (en banc), *rev'd on other grounds*, 521 U.S. 320 (1997).

### Sufficiency of the Evidence

In addressing the Petitioner's sufficiency of the evidence claim, both sides agree that the Illinois Appellate Court applied the proper standard, that is, the standard set forth by the United

States Supreme Court in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).[4] Under *Jackson*, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.*

The Illinois Appellate Court used two different approaches in analyzing Petitioner's sufficiency of the evidence challenge: First, the court considered whether there was sufficient evidence to prove Petitioner guilty beyond a reasonable doubt on the basis of his own conduct; and second, the court considered the sufficiency of the evidence under an accountability theory. Unfortunately, the Appellate Court's opinion does not specifically identify the charges it was addressing in connection with the first part of its analysis. The opinion does make clear, however, that Petitioner was convicted of first degree murder and attempted murder on an accountability theory. (App. Ct. Op., 11-12.) As the murder and attempted murder convictions are the only convictions before this court, the court will examine whether the prosecution provided sufficient evidence on those charges under an accountability theory.

Under Illinois law, the elements of accountability are: "(1) defendant elicited, aided, abetted, agreed, or attempted to aid another person in the planning or commission of the offense; (2) defendant's participation took place before or during the commission of the offense; and (3) defendant had the concurrent, specific intent to promote or facilitate the commission of the offense." *People v. Walker*, 262 Ill. App. 3d 796, 799, 635 N.E.2d 684, 689-90 (1st Dist. 1994), citing 720 ILCS 5/5-2. In arguing that the prosecution did not demonstrate that he was guilty beyond a reasonable doubt under the accountability theory, Petitioner has identified a number of shortcomings in the state's case: (1) Asad was high on marijuana at the time of the incident;

---

[4] The Illinois Appellate Court did not cite *Jackson* in its opinion, but instead relied on *People v. Young*, 128 Ill. 2d 1, 538 N.E.2d 461 (1989), an Illinois Supreme Court opinion that relies on the standard set forth in *Jackson*. (App. Ct. Op., at 9-10; *See also* 128 Ill. 2d at 48-49, 538 N.E.2d at 472-73.

5

(2) certain witnesses at the scene did not see Petitioner with a gun; (3) Petitioner was in a group of five people, but only four guns were found; (4) Petitioner tested negative for gunshot residue; (5) no finger prints were found on the weapon Petitioner was alleged to have been carrying; (6) no one was shot with a .38 caliber handgun.

According to Petitioner, the evidence introduced at trial demonstrates simply that Petitioner was present at the scene, which is insufficient to support an accountability theory under Illinois law. Petitioner cites two Second Circuit decisions discussing conspiracy charges in support of his argument. See *United States v. Soto*, 716 F.2d 989, 991 (2nd Cir. 1989) (the government must demonstrate that the defendant knowingly participated in the conspiracy); *United States v. Gallishaw*, 428 F.2d 760, 763 (2nd Cir. 1970) (defendant must know that the crime is to be committed). Although these cases discuss federal conspiracy law, the principles they address are consistent with the Illinois theory of accountability. Under that theory, "[m]ere presence at the scene of the crime, even with knowledge that the crime is being committed, is not sufficient to establish guilt . . . ." *Walker*, 262 Ill. App. 3d at 799, 635 N.E.2d at 689. A defendant may, however, "be deemed accountable for acts performed by another . . . if there was a common criminal plan or purpose." *People v. Taylor*, 164 Ill. 2d 131, 140-41, 646 N.E.2d 567, 571 (1995) (citations omitted). "Words of agreement" are not required to demonstrate this plan; instead, "[t]he common design can be inferred from the circumstances surrounding the perpetration of the unlawful conduct." *Id.* at 141, 646 N.E.2d 567, 571 (1995). "Proof that defendant was present during the perpetration of the offense, that he maintained a close affiliation with his companions after the commission of the crime, and that he failed to report the crime are all factors that the trier of fact may consider in determining the defendant's legal accountability." *Id.* In addition, "[d]efendant's flight from the scene may also be considered in determining whether defendant is accountable." *Id.*

In this case, the Illinois Appellate Court found that the evidence was sufficient to allow a rational trier of fact to find that Petitioner was guilty beyond a reasonable doubt on an accountability theory. Specifically, the Appellate Court stated, "[t]his evidence was more than sufficient to establish that [Petitioner] and his cohorts participated in the shooting and then fled from the scene together." (App. Ct. Op., at 13.) The court agrees. The evidence described above is sufficient to allow a rational trier of fact to find that Petitioner was not only at the scene, but that he was an active participant. According to Petitioner's own post-arrest statement and the testimony of eyewitnesses, when the shooting started, Petitioner pulled out a gun and fired on the group of men. In addition, when the shooting stopped he ran from the scene with one of his fellow Gangster Disciples. Despite the absence of physical evidence implicating Petitioner's participation, the testimony at trial and the Petitioner's own confession demonstrate that the Illinois court's finding was not unreasonable.

**Consecutive Sentences**

Petitioner argues, next, that the trial court's decision to order consecutive sentences, instead of concurrent sentences, violated the Supreme Court's ruling in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). This claim misinterprets the Court's ruling in *Apprendi*. In *Apprendi*, the Court held that the "Due Process Clause entitles defendant to decision by the trier of fact, on the reasonable-doubt standard, of any fact (other than a prior conviction) that increases the statutory maximum penalty." *United States v. Bjorkman*, 270 F.3d 482, 491 (7th Cir.2001), citing *Apprendi*, 530 U.S. at 490. In this instance, Petitioner does not argue that he was sentenced to a term that exceeded the maximum term of imprisonment on any one charge, nor is there evidence demonstrating this fact. Because Petitioner's sentence did not exceed any statutory maximum, the court's decision to impose consecutive sentences does not violate the rule of *Apprendi*. *See United States v. Knox*, 287 F.3d 667, 669 (7th Cir. 2002); *United States v. Brough*, 243 F.3d 1078, 1080-81 (7th Cir. 2001); *People v. Wagener*, 196 Ill.2d 269, 286, 752 N.E.2d 430, 441-42 (2001).

**Motion to Stay**

As previously mentioned, on November 22, 2002, Petitioner filed a motion to stay these proceedings pending the resolution of his petition for post-conviction relief which he filed in Illinois state court on October 31, 2002. Respondent opposes the stay, arguing that Petitioner's post-conviction motion was not timely filed. Illinois law requires a Petitioner to file a post-conviction motion within 6 months of the denial of leave to appeal to the Illinois Supreme Court. 725 ILCS 5/122-1(c). The petition for leave to appeal was denied on April 3, 2002, but the post-conviction motion was not filed until October 31, 2002. (Petition for Post-Conviction Relief, Exhibit F to Respondent's Answer, at 1.) On November 15, 2002, the Illinois court denied Petitioner's post-conviction petition, not on timeliness grounds, but because it found the petition to be "frivolous and patently without merit."[5] (Notice of Dismissal of Petitioner's Post-Conviction Petition, Ex. G to Respondent's Answer.)

Petitioner had thirty days from November 15, 2002 to file a notice of appeal. (*Id.*) According to the Circuit Court of Cook County's docket, as of September 18, 2003, no notice of appeal has been filed. (Certified Statement of Conviction/Disposition for *People v. Miller*, 97 CR 1149101, at 14.) Accordingly, the court finds that Petitioner has exhausted his claims in the Illinois courts and the court denies his motion to stay the proceedings. *See* 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented").

ENTER:

Dated: September 19, 2003

REBECCA R. PALLMEYER
United States District Judge

---

[5] This order was entered on November 15, 2002, but the notice was dated November 25, 2002, three days after Petitioner filed his motion to stay the proceedings. (Notice of Dismissal of Petitioner's Post-Conviction Petition, Ex. G to Respondent's Answer.)

8